UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  05-22507-CIV-MORENO

ANA CURIEL,

    Plaintiff,

vs.

FLORIDA BOTTLING, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL

THIS CAUSE came before the Court upon Defendant's Motion for New Trial **(D.E. No. 101)**, filed on November 30, 2006, after Final Judgment was entered by the Court on November 20, 2006.

The Court **GRANTS** Defendant's Motion for a New Trial **(D.E. No. 101)** because the jury improperly considered the issue of the employee's lack of insurance. Although the Court expresses reservation as to the amount of the verdict as it appears to be excessive, because the new trial is granted on other grounds, the Court need not reach the issue of remittitur.[1]

## BACKGROUND

Plaintiff Ana Curiel brought this action under the American With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 1210 and The Florida Civil Rights Act ("FCRA"), § 760.01-10, Fla. Stat., alleging that she was subject to workplace discrimination while working at Defendant Florida Bottling, Inc. and eventually terminated after she informed the company that she had cancer.

---

[1] Nonetheless, it is important to note that Sina Negahbani's requested attorney's fees appear to be more than reasonable and with a new trial, if Plaintiff prevails, Counsel will be entitled to the previously requested amount in addition to attorney's fees incurred throughout the new trial.

Plaintiff, who suffers from Stage IV metastatic rectosigmoid cancer, was a newly hired employee in the marketing department of Defendant company from August 26 until October 8, 2004. During this initial six-week employment period, the Plaintiff was on probation and as of yet had not been approved for insurance by the insurer, which is not a party in this employment discrimination case. A trial was held in the matter from November 6 to November 9, 2006.

At the outset of the trial, the Defendant moved to exclude testimony by the Plaintiff concerning the course of her cancer treatment and medical condition, but the Court denied Defendant's request. The Plaintiff testified that she had cancer, had incurred costs for the medical treatment, and would not have had these medical costs but for Defendant's failure to honor its alleged contractual agreement to provide her with insurance. Defendant objected, arguing this was not a breach of contract action and therefore, testimony about these issues was irrelevant. The Court initially overruled Defendant's objections to such testimony. Accordingly, a large portion of the first day of trial was spent on Plaintiff's medical testimony and insurance issues.

On the second day of trial, the Court concluded that the Defendant's objection to this testimony was well-founded and concluded that the testimony about the insurance dispute was irrelevant and it was a mistake to permit such testimony. Consequently, the Court offered the Defendant the option of either a mistrial or continuing with the instant trial after a curative instruction, with no further discussion of the insurance issue. The Defendant elected to proceed with the current trial, having concluded that an instruction would sufficiently cure the issue and there was no further mention of the insurance dispute. The case was then submitted to the jury.

After considerable deliberation, the jury came back with a note to the Court asking for a clarification of the relationship between the Defendant corporation and the insurance dispute.

Defendant moved for a mistrial, but the Court denied the motion. Instead, the Court brought out the jury to the courtroom, explained to them again that they were not to consider the insurance dispute, asked them if they could follow these instructions, and the jurors indicated that they could follow those instructions. Shortly thereafter, the jury returned a verdict for Plaintiff in the amount of $350,000.

Prior to closing argument, the Court disallowed any argument on punitive damages finding insufficient evidence to support such damages. The Plaintiff's testimony in part was about punishing the Defendant for discharging her before she was able to obtain insurance from the insurance company, as evidenced when Plaintiff testified that "[Defendant] should learn their lesson and they should be punished." *Curiel Testimony* at 165. The Court ruled that since there was no insurance contract because of the brevity of the Plaintiff's probationary employment, no award for damages could be entered for the costs of healthcare that perhaps would have been covered. Such damages were speculative because no evidence could have been presented as to what healthcare costs would have been covered by an insurance contract that was never in existence.

## ANALYSIS

"A new trial may be granted ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the Courts of the United States." Fed. R. Civ. P. 59(a). Although there is no comprehensive list of the permissible grounds for granting a new trial, "the Supreme Court has held that a motion for a new trial may rest on the fact that the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or

instructions to the jury." *Alphamed Pharmaceuticals Corp. v. Arriva*, 432 F.Supp.2d 1319, 1334 (S.D. Fla. 2006).

Although generally, harm caused by the improper admission of evidence can be obviated by a curative instruction, this is not the case here. *United States v. Ocana*, 628 F.2d 353, 360 (5th Cir. 1980). Absent evidence to the contrary, we assume the jury follows a curative instruction. *United States v. Gordon*, 173 F.3d 761, 769 (10th Cir. 1999). Here, the court was presented with "evidence to the contrary" demonstrating that the jury did not follow the Court's initial curative instruction. *See id.* In fact, the jurors had spent a considerable amount of time deliberating before they asked the Court this question, indicating that they had been deliberating on the issue of insurance – the exact issue the Court had instructed them not to consider.

The jury's failure to follow the Court's instructions resulted in extreme prejudice to the Defendant because it was precluded from presenting any evidence on the insurance issue or even making any argument about it, despite being a crucial item of consideration for the jury, based upon the jurors' note. This is a proper ground for a new trial. *See Alphamed Pharmaceuticals Corp.,* 432 F.Supp.2d at 1356; *J.A. Jones Constr. Co. v. Steel Erectors, Inc.*, 901 F.2d 943, 944 (11th Cir. 1990).

**ADJUDGED** that Defendant's Motion for New Trial **(D.E. No. 101)** is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida, this _17th_ day of January, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to: Counsel of Record